**James H. CARTER, Appellant,**
v.
**UNITED STATES of America,**
**Appellee.**
**No. 15617.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 20, 1960.
Decided June 30, 1960.

---

2. See also Massachusetts Bay Telecasters v. Federal Com. Comm., 1958, 104 U.S.App. D.C. 226, 261 F.2d 55.

Mr. Wilfred Milofsky, Washington, D. C. (appointed by the District Court), for appellant.

Mr. Maurice R. Dunie, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

Leave to appeal at Government expense and with court appointed counsel was granted by the District Court to review appellant's conviction for manslaughter. He was indicted for second degree murder arising out of the death of a Mrs. Martin, a woman with whom he had been living; he was sentenced to serve 3 to 9 years.

Evidence showed that after the victim had been severely beaten she then went to a neighbor's apartment to sleep. Appellant returned and dragged the deceased, while unconscious, back to his apartment in the same building, with her head "banging on the floor" according to a witness. From the time she reached the neighbor's apartment to get away from appellant until her death, the victim never regained consciousness. When the police came to appellant's apartment, appellant and a neighbor were dressing the unconscious victim; the pillow case on her bed was bloodstained. There were admissions by appellant as well as other evidence that appellant had beaten Mrs. Martin. She died some hours later in the hospital.

Medical testimony was that death was caused by a cerebral hemorrhage "traumatic in character" which could have been caused by blows or outward force on the head. There was also testimony that the hemorrhage could have been caused when appellant dropped her to the floor while taking her from the neighbor's apartment. The medical testimony fixed the blood clots as developing three to five days prior to the autopsy which placed the time of the injury within the period when evidence showed appellant had beaten the deceased. Conflicting medical testimony was that Mrs. Martin could have died as a result of a fall from a chair sustained 5 weeks before her death.

 All of the conflicting evidence was submitted to the jury under appropriate instructions and the jury returned a verdict of the lesser included charge of manslaughter. We have considered all the contentions of appellant, including the suggestion of ineffective assistance of counsel, the latter contention being directed by counsel at his own failure to cross-examine one adverse witness. We find no error.

Affirmed.